

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,501-01

### EX PARTE LARRY WAYNE DUNCAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11,485 IN THE 258TH DISTRICT COURT
### FROM SAN JACINTO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to stop and render aid and sentenced to nineteen years' imprisonment.

Applicant, who is represented by counsel, alleges "no notice of appeal was filed with court."[1] The record reflects that appellate counsel, who is also counsel in this application, was appointed in a timely manner by the trial court. However, the record is unclear regarding why counsel believed

---

[1] The application does not state what relief Applicant is seeking, but it appears he is requesting an out-of-time appeal.

he did not need to file a timely notice of appeal, and whether counsel was ineffective for failing to do so in this case.

Applicant has alleged facts that, if true, might entitle his to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. The record reflects that Applicant is currently represented by counsel. However, if this is no longer true, and if Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed:  April 12, 2017
Do not publish